No. 5865.

## MISS BEULAH BLOCK vs. OCEAN ACCIDENT & GUARANTEE CO., LTD.

### Syllabus.

1. Proof, which excludes every cause *but one* for a happening, is equivalent to direct and affirmative proof of the cause of such happening.

2. The word "family" sometimes included all who live in one household and under one head, even boarders and lodgers.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 99,513. Hon. F. D. King, Judge.

E. A. O'Sullivan, for plaintiff and appellee.

T. M. & J. D. Miller, Gordon Borwell, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

Plaintiff, the beneficiary under a policy of insurance against "Burglary, Theft or Larceny," sues for the value of a diamond ring said to have been stolen from her apartment.

The policy provides that in order to recover "the assured shall produce direct and affirmative evidence that the loss of the article for which claim is made was due to the commission of a burglary, theft or larceny, the mere disappearance of the article not to be deemed such evidence."

We think that positive, clear and unimpeached testimony, by a reputable witness, that a small and valuable object has disappearel from a particular spot, accessible to others, where she herself had placed it, and could not be found after a thorough search instituted a few hours

afterwards and immediately upon discovery of the loss, **excludes every reasonable hypothesis** upon which to account for such loss except a felonious taking away thereof, and hence is equivalent to **direct and affirmative proof** that a theft was committed.

It is urged that the presence of private boarders in plaintiff's home was a breach of the warranty contained in the policy that plaintiff's home was "a private residence in which the assured and family alone reside."

But the policy contains no prohibition against the taking of boarders and lodgers; on the contrary it clearly permits it, since it provides ex **industria** against liability for losses suffered by any such boarder or lodger, when a member of the household, to-wit: Clause A, "the term **assured** as used in this policy shall be construed to mean the individual named or any relative or other member of the household of such individual actually residing in the premises **who does not pay board or rent**, excepting domestic servants and employees." (Black-letter ours).

That is to say the defendant assumes liability for losses suffered by any member of the household except **boarders, lodgers** and **servants.**

Which clause can have reference to none other than boarders and lodgers in **private families**; since it would be absurd to stipulate against losses suffered by boarders and lodgers, if their mere presence in the household **sufficed to invalidate the whole policy,** and by Section 7 of Clause B, the defendant is **not liable at all** "if the house, flat or apartment is occupied as a boarding or furnished room house."

And hence the word "family" in the aforementioned warranty is therein used in its proper etymological as well as legal sense, to-wit, as compromising all who live in one household under one head even boarders and lodgers.

See, **Webster and Century Dictionaries, Verbo:** **Family;** Civil Code of La., Art. 3556, Sec. 12.

The judgment appealed from is correct.

Judgment affirmed.

Opinion and decree, June 23rd, 1913.

Rehearing refused, July 21st, 1913.

Writ denied, October 21st, 1913.